# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| CAPITAL SECURITY SYSTEMS, INC. | |
| Plaintiff, | CIVIL ACTION NO. 1:14-cv-1516-WSD |
| v. | JURY TRIAL DEMANDED |
| NCR CORPORATION, SUNTRUST BANKS, INC. AND ITS SUBSIDIARY, SUNTRUST BANK, | |
| Defendants, | |
| NCR CORPORATION, SUNTRUST BANKS, INC. AND ITS SUBSIDIARY, SUNTRUST BANK, | |
| Counter-Plaintiffs, | |
| v. | |
| CAPITAL SECURITY SYSTEMS, INC. | |
| Counter-Defendant. | |

## STIPULATED PROTECTIVE ORDER

The Parties to the above-captioned action (the "Action"), Plaintiff Capital

Security Systems, Inc. ("Plaintiff") and Defendants NCR Corporation, SunTrust

1

Banks, Inc. and SunTrust Bank (collectively, "Defendants") [individually, a "Party," and collectively, the "Parties"], have acknowledged that during the course of the Action certain matters may be requested to be produced, or produced, which are or may constitute trade secret, confidential research, development, or otherwise proprietary commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure (the "Federal Rules") and Rule 2 of the Local Rules of Practice for Patent Cases before the United States Court for the Northern District of Georgia ("Local Patent Rules"). To expedite the flow of discovery material, facilitate the prompt resolution of disputes concerning confidentiality, adequately protect materials that which are entitled to be kept confidential, and insure that protection is afforded only to material so entitled, the Parties stipulate and agree that this Protective Order (the "Order") be entered by the Court and that it shall govern all confidential and protected information produced in the Action, including but not limited to: (1) initial and supplemental disclosures; (2) the production, inspection, and handling of documents, materials, and things; (3) answers to interrogatories; (4) responses to requests for admission; (5) depositions; (6) pleadings, declarations or affidavits and exhibits; and (7) other information exchanged by the Parties, or received from third parties in this Action:

1. **Definitions:**

 a.   **Outside Counsel**: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

 b.   **Expert**: a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its counsel to serve as an expert witness or consultant in this action.

 c.   **Professional Vendor(s)**: persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors. This definition includes professional jury or trial consultants retained in connection with this Action.

2.   **Confidential Matter:** Information or documents which may be or may have been produced in response to discovery requests of any Party that may contain confidential or proprietary or medical information, or may disclose information concerning financial information, proprietary information, trade secrets, or other confidential materials may be designated as either "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY" (collectively, "Confidential Matter").

Parties or persons shall limit the "CONFIDENTIAL" designation to discovery material that: (i) if disclosed without restriction, reasonably could result in detriment to the disclosing Party or person and (ii) is unavailable from any other source. Parties or persons should limit the "ATTORNEYS' EYES ONLY" designation to discovery material that could reasonably constitute trade secrets or other proprietary, confidential commercial information that, if disclosed to persons other than those described in Paragraph 8 would results in a competitive disadvantage to the disclosing Party and the materials' inclusion of specific, non-public information concerning the producing Party's business strategies, proprietary operational processes, or other information that might reasonably be used to gain a competitive advantage over the producing Party. Parties or persons should limit the "HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY" designation to discovery material that is source code, executable code or the equivalent. Any such information or documents may be designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY" by counsel for any Party, if such counsel believes in good faith that the discovery material fits the definitions above. The Parties agree that all documents produced by any Party in this matter, whether or not marked "CONFIDENTIAL,"

"ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY", whether voluntarily or in response to a discovery request or subpoena, are for use only for purposes of this Action and are not to be used or disseminated for any other purpose. This Order shall not apply to any materials or information which is or was already in the possession of persons or Parties or which was obtained or could be obtained from sources other than the producing Party.

3.    **Manner of Designation:** Designation of materials as either "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY" shall be effective by placing or affixing on each document or group of documents so designated, a notice of "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY", in such manner as will not interfere with the legibility thereof, but shall be sufficient to put persons receiving such documents on notice that such documents are to be treated in confidence.

4.    **Inadvertent Failure to Designate:** Any confidential designation which is inadvertently omitted, or which was not placed on documents prior to this Order, may be corrected by written notice to opposing counsel, whereupon such

documents shall become "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY" and the designation shall be placed on such documents to the extent practicable. The person or entity that received such document(s) shall make all reasonable efforts to retrieve all copies, if any, of such document(s) disclosed to persons other than those listed in Paragraphs 7, 8 and 9 hereof as authorized to receive such documents and to prevent further use or disclosure of "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY" material contained therein by such persons.

5. **Challenging Designations:** Nothing in this Order shall prevent any Party from contending that any or all "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY" materials is not confidential. A Party shall not be obligated to challenge the propriety of a designation as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY" at the time made, and failure to do so shall not preclude a subsequent challenge thereto. Any Party may at any time request that the person or entity who produced the material to cancel the "CONFIDENTIAL,"

"ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY" designation with respect to any document, object and/or information and to agree that thereafter such document, object and/or information is to be no longer subject to the provisions of this Order. Such request shall be written, shall be served on counsel for the producing Party, and shall particularly identify the "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY" material that the Party contends is not confidential and the reasons supporting its contentions. The request shall be deemed denied unless within fourteen (14) days after receipt of such request, the person or entity who produced the material shall in writing approve the request. Thereafter, the receiving Party may move the Court for an order releasing the specified "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY" material from the Order. Until such a ruling is made by this Court, the Parties shall treat any challenged document, object and/or information in the same manner as if it is "CONFIDENTIAL," "ATTORNEYS EYE'S ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY."

6.    **Restriction on Use of Confidential Matter:** No materials that are
"CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY
CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY"
produced in response to any Party's discovery requests shall be used or
communicated by any Party, or any other person receiving or viewing them, for
business or competitive purposes, or for any purpose whatsoever other than in an
issue related to this Action, in preparation for trial or hearings of this Action, the
trial of this Action, or any appeals therefrom.

7.    **Persons Who May View CONFIDENTIAL Materials:** Materials
designated as "CONFIDENTIAL" shall be available only for examination by: (a)
the Outside Counsel of record in this action for the Party receiving the
"CONFIDENTIAL" information, including Outside Counsel's support staff such
as paralegals and secretaries; (b) in-House Counsel and legal staff and no more
than two officers, directors, and employees (excluding In-House Counsel and legal
staff) of the Party receiving the "CONFIDENTIAL" information, to whom
disclosure is reasonably necessary for this Action; (c) experts (as defined in this
Order) of the receiving Party to whom disclosure is reasonably necessary for this
Action, who provide a current curriculum vitae and who execute a copy of the
attached Certificate of Compliance, and provided the Party first gives all other

Parties ten (10) days' notice in writing of its intent to disclose "CONFIDENTIAL" material to such expert, so that any objections can be asserted; (d) the Court and its personnel; (e) court reporters, their staffs; (f) any mediator or settlement officer who is assigned per order of the Court to hear this matter, and his or her staff; (g) Professional Vendors to whom disclosure is reasonably necessary for this Action; (h) the author of the document or the original source of the information; and (i) any other person with the prior written consent of the producing Party.

8.    **Persons Who May View ATTORNEYS' EYES ONLY Materials:**

Materials designated as "ATTORNEYS' EYES ONLY" shall be available for examination to (a) the receiving Party's Outside Counsel of record in this action, including Outside Counsel's support staff such as paralegals and secretaries; (b) experts (as defined in this Order) to whom disclosure is reasonably necessary for this Action, who provide a current curriculum vitae and who execute a copy of the attached Certificate of Compliance, and provided the Party first gives all other Parties ten (10) days' notice in writing of its intent to disclose "ATTORNEYS' EYES ONLY" material to such expert, so that any objections can be asserted; (c) the Court and its personnel; (d) court reporters, their staffs; (e) any mediator or settlement officer who is assigned per order of the Court to hear this matter, and his or her staff; (f) Professional Vendors to whom disclosure is reasonably

necessary for this Action; (g) the author of the document or the original source of the information; and (h) any other person with the prior written consent of the producing Party.

9.    **Persons Who May View "HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY" Materials:** Materials designated as "HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY" shall be available for examination by (a) the receiving Party's Outside Counsel of record in this action, including Outside Counsel's support staff such as paralegals and secretaries; (b) one (1) outside expert (as defined in this Order) to whom disclosure is reasonably necessary for this Action, who provides a current curriculum vitae and who executes a copy of the attached Certificate of Compliance, and provided the Party first gives all other Parties ten (10) days' notice in writing of its intent to disclose "HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY" material to such expert, so that any objections can be asserted; (c) the Court and its personnel; (d) court reporters, their staffs; (e) the author of the document or the original source of the information; and (f) any other person with the prior written consent of the producing Party.

10.    **Restrictions on Reproduction of Materials That Are Designated Either as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY":** There shall be no

reproduction of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" materials except by those persons authorized to receive such information pursuant to this Order.

**11.     Restrictions on Producing Party's source code That Is Designated "HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY":**

To the extent a producing Party's source code is relevant and discoverable in this action, it may be designated as "HIGHLY CONFIDENTIAL – SOURCE CODE - RESTRICTED ACCESS ONLY" and, unless the producing Party agrees otherwise, shall be subject to the following additional restrictions and protections:

a.      Source code in electronic format shall be made available for inspection at a secure location designated by the producing Party's. All source code will be loaded on a single, non-networked computer that is password protected and maintained in a secure, locked area. The computer containing source code will be made available for inspection during regular business hours, upon reasonable notice to the producing Party. Use of any input/output device (*e.g.*, USB memory stick, CDs, floppy disk, portable hard drive, etc.) is prohibited while accessing the computer containing the source code.

b.     No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated source code, except as follows:

    i.     The receiving Party may request a reasonable number of pages of source code to be printed. The producing Party may object to the receiving Party's source code print request within five (5) business days. The Parties will work in good faith to resolve any disputes regarding the printing of source code and, if unsuccessful, the burden is on the receiving Party to file a motion to compel.

    ii.     Any printed pages of source code, and any other documents or things reflecting source code shall be printed on watermarked paper bearing bates-numbers and the legend "HIGHLY CONFIDENTIAL - SOURCE CODE – RESTRICTED ACCESS ONLY" (hereafter Printed Source Code). To the extent reasonably possible, the parties will endeavor to provide printouts with the full path and file name of the Printed Source Code excerpts and line-numbering.

    iii.     Any printed pages of source code, and any other documents or things reflecting source code that have been designated by the producing Party as "HIGHLY CONFIDENTIAL - SOURCE CODE –

RESTRICTED ACCESS ONLY" may not be copied, digitally

imaged, e-mailed, transmitted, uploaded, downloaded, photographed

or otherwise duplicated, except in limited excerpts necessary to attach

as exhibits to depositions, expert reports or court filings.

iv.      Any paper copies designated "HIGHLY CONFIDENTIAL -

SOURCE CODE – RESTRICTED ACCESS ONLY" shall be stored

or viewed only at (i) the offices of outside counsel for the receiving

Party, (ii) the offices of outside experts or consultants who have been

approved to access source code; (iii) the site where any deposition is

taken; (iv) the Court; or (v) any intermediate location necessary to

transport the information to a hearing, trial or deposition. Any such

paper copies shall be maintained at all times in a locked and secure

location.

c.      A receiving Party that wants to use any such materials at a deposition

may, no earlier than seventy-two (72) hours prior to any such deposition,

make only as many copies, and only of the specific pages, as it intends to

actually use at the deposition. At the conclusion of the deposition, the

producing Party (or its designee) will collect each copy of such materials

and will retain the original of any such exhibit, which shall not be appended to the transcript of the deposition.

d.     A receiving party that wants to file or otherwise submit any such materials to the Court in connection with a filing may, no earlier than seventy-two (72) hours prior to the relevant filing, make only as many copies, and only of the specific pages as needed, for submission to the Court and shall file any and all such copies of the materials with an application to file under seal.

e.     Outside counsel for the receiving Party shall maintain an access log relating to the Printed Source Code in its possession pursuant to sub-paragraph (b) above and, for each time that the "HIGHLY CONFIDENTIAL - SOURCE CODE – RESTRICTED ACCESS ONLY" materials are viewed, shall record (i) the name of each person who viewed the materials; (ii) the date of access; and (iii) the number of copies made. The producing Party shall be entitled to a copy of the log on three (3) business day's advance notice.

f.     No Party shall physically, magnetically, digitally, optically or otherwise copy by any means information or items that another Party has designated "HIGHLY CONFIDENTIAL - SOURCE CODE –

RESTRICTED ACCESS ONLY" subject to the exceptions enumerated
above.

12. **Restrictions on Dissemination**: No person who examines any item
produced pursuant to this Order shall disseminate orally, in writing or by any other
means any materials designated as "CONFIDENTIAL," "ATTORNEYS' EYES
ONLY," "HIGHLY CONFIDENTIAL - SOURCE CODE – RESTRICTED
ACCESS ONLY" to any person not also authorized to examine those materials
under sections 7, 8, and 9 of this Order.

13. **Use in Depositions:**

    a.    **Materials designated "CONFIDENTIAL".** During a deposition, a
deponent may be shown, and examined about material designated as
"CONFIDENTIAL". If the deponent is not a designated person authorized to
view "Confidential Matter," prior to such examination, the deponent shall be
given a copy of this Order, together with the Certificate of Compliance
which the deponent will be required to sign and abide by same.

    b.    **Materials designated "ATTORNEYS' EYES ONLY".** During a
deposition, a deponent may be shown, and examined about material
designated as "ATTORNEYS' EYES ONLY" if the deponent is a person
denominated in section 8 of this Order. In the event a Party desires to show a

person who is not qualified pursuant to section 8 to receive material designated as "ATTORNEYS' EYES ONLY," counsel for the Party shall give counsel for all other Parties at least five (5) business days advance notice of the intent to show material designated as "ATTORNEYS' EYES ONLY" to the deponent. Any counsel objecting shall confer with opposing counsel in an attempt to resolve the matter. If the conference of counsel is not successful, counsel objecting to the disclosure to the deponent shall file a motion for protective order with the Court in advance of the deposition, in which case the deponent shall not receive material designated as "ATTORNEYS' EYES ONLY" until and unless the Court denies said motion. In addition, the deponent shall be given a copy of this Order, together with the Certificate of Compliance which the deponent will be required to sign and abide by same.

c.    **Materials designated "HIGHLY CONFIDENTIAL - SOURCE CODE – RESTRICTED ACCESS ONLY".** During a deposition, a deponent may be shown, and examined about material designated as "HIGHLY CONFIDENTIAL - SOURCE CODE – RESTRICTED ACCESS ONLY" if the deponent is a person denominated in section 9 of this Order. In the event a Party desires to show a person who is not qualified pursuant to

section 9 to receive material designated as "HIGHLY CONFIDENTIAL -

SOURCE CODE – RESTRICTED ACCESS ONLY," counsel for the Party

shall give counsel for all other Parties at least five (5) business days advance

notice of the intent to show material designated as "HIGHLY

CONFIDENTIAL - SOURCE CODE – RESTRICTED ACCESS ONLY" to

the deponent. Any counsel objecting shall confer with opposing counsel in

an attempt to resolve the matter. If the conference of counsel is not

successful, counsel objecting to the disclosure to the deponent shall file a

motion for protective order with the Court in advance of the deposition, in

which case the deponent shall not receive material designated as "HIGHLY

CONFIDENTIAL - SOURCE CODE – RESTRICTED ACCESS ONLY"

until and unless the Court denies said motion. In addition, the deponent shall

be given a copy of this Order, together with the Certificate of Compliance

which the deponent will be required to sign and abide by same.

d.    **Excluded Persons.** Either Party shall have the right to exclude the

following persons from a deposition before the taking of testimony that will

involve "Confidential Matter" under this Order.

i.        As to testimony or exhibits to the deposition that a Party deems

"CONFIDENTIAL": all persons except counsel of record for the

deponent, counsel for the Parties, and the Parties (or the designated representatives of the Parties) and any retained consultants or experts of a Party for purposes of this Action, and any other person designated in and who complies with paragraph 7.

    ii.    As to testimony or exhibits to the deposition that a Party deems "ATTORNEYS' EYES ONLY": all persons except outside counsel of record for the deponent, counsel for the Parties, any retained consultants or experts of a Party for purposes of this Action, and any other person designated in and who complies with paragraph 8.

    iii.    As to testimony or exhibits to the deposition that a Party deems "HIGHLY CONFIDENTIAL - SOURCE CODE – RESTRICTED ACCESS ONLY": all persons except outside counsel of record for the deponent, counsel for the Parties, any retained consultants or experts of a Party for purposes of this Action, and any other person designated in and who complies with paragraph 9.

e.    **Designation.** During the deposition, or within thirty (30) days after receiving a copy of the transcript, a Party or a deponent may designate portions of the transcript, and/or exhibits, as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL -

SOURCE CODE – RESTRICTED ACCESS ONLY". Until the expiration of the 30-day period, the transcript and exhibits shall be treated as "ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE – RESTRICTED ACCESS ONLY", but when such thirty (30)-day period expires, only those pages of the transcript and exhibits designated during the deposition as either "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE – RESTRICTED ACCESS ONLY" shall be treated as such. Thereafter, the original and all copies of such pages and exhibits shall be stamped as either "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE – RESTRICTED ACCESS ONLY" as set forth in this Order and the title page of the transcript shall state "Contains CONFIDENTIAL Information," "Contains ATTORNEYS' EYES ONLY Information" and/or "Contains HIGHLY CONFIDENTIAL - SOURCE CODE – RESTRICTED ACCESS ONLY Information."

14. **Filing With the Court:** Any Party or other bound entity wishing to file with or submit to the Court, or disclose in Court at any hearing, anything containing, comprising, disclosing or referring to "CONFIDENTIAL,"

"ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE – RESTRICTED ACCESS ONLY" documents or material, or any derivative or related materials or information as described in Paragraph 2, shall first notify the Designating Party or Parties in writing of such intention no fewer than five (5) business days beforehand, unless a Local Rule of the Court or special circumstances require a shorter time, in which case the Parties agree to confer in good faith to resolve said timing issues. The notice shall identify all such materials or information proposed to be filed or submitted (the "Proposed Materials"); state the location, time and date of the anticipated filing or submission; and shall be served so that it actually arrives at least five (5) business days prior to any anticipated disclosure. Within three (3) business days of receipt of the notice, the designating Party or Parties shall inform the notifying Party in writing if they consent to such disclosure, or advise the Party wishing to use the "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE – RESTRICTED ACCESS ONLY" documents or material that the "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE – RESTRICTED ACCESS ONLY" documents or material need to be filed under seal and/or testimony be heard in closed session. Silence will be taken as the

designating Party not consenting to the filing except under seal. Also within three (3) business days of the receipt of notice, the Parties shall confer in good faith to resolve said timing issues, and the Designating Party shall inform the notifying Party of any additional Proposed Materials it intends to submit in opposition.

a. If one or more of the notified Parties has not consented prior to the date of filing of the motion, memorandum, etc., then the notifying Party shall file its submission with the "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE – RESTRICTED ACCESS ONLY" documents or material in an envelope or container with a label identifying this action and the title or nature of the enclosed material, indicating that the material is confidential, for use by the Court only, and is to be maintained under seal pursuant to the terms of this Agreement, and shall comply with procedure set forth in Paragraph 14(c), as required by the Court's Standing Order.

b. If a designating Party has not consented to disclosure prior to a hearing or other appearance before the Court, then at the hearing, the notifying Party or its attorneys shall inform the Court and other counsel in attendance immediately before the intended disclosure of some or all of

the "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE – RESTRICTED ACCESS ONLY" documents or material, in the manner required by Paragraph 14(c) pursuant to the Court's Standing Order.

c.      Any document, material or other information designated as entitled to protection under this Order which is submitted to the Court in support of a pleading, or introduced at a hearing, trial or other proceeding, in this action may continue as protected material only by Order of the Court in accordance with these procedures. If information entitled to protection under this Order is submitted to the Court in support of a pleading, such information shall maintain its privileged status for ten (10) days. During this ten-day period the Party who designated the information as protected may move the Court to continue the protected status of the information by submitting to the Court a motion for continued protection. The opposing Party shall not be permitted to file a response to the motion. The copy of the motion must be delivered to chambers and accompanied by an unredacted copy of the designated material(s). As an aid to the Court, the unredacted copy must be tabbed, marking each section for which continued protection is being requested, so

the Court can easily review and determine if continued protection will be granted.

A Party who seeks to introduce protected information at a hearing, trial or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is protected. If the Party who designated the information as protected requests the protection be continued, the Court will review the information, *in camera*, to determine if the information is entitled to continued protection.

15. **No Waiver:** The production of materials in this Action shall not constitute a waiver of any Party's right to claim in this lawsuit or hereafter that said documents and/or any materials or information included therein is privileged and is otherwise non-discoverable. If a producing Party, through inadvertence, error, or oversight, produced any document(s), object(s) and/or information that it believes is immune from discovery pursuant to any attorney-client privilege, attorney work product immunity or any other privilege or immunity from production, such production shall not be deemed a waiver provided the producing Party acts promptly to give written notice to all receiving Parties that the document(s), object(s) and/or information so produced is deemed privileged and that the return of the document(s), object(s) and/or information is requested. Upon receipt of such

written notice, all receiving Parties shall immediately undertake to gather the original and all copies of the document(s), object(s) and/or information and shall immediately return the original and return or destroy all such copies to the producing Party. Return or destruction of such document(s), object(s) and/or information to the producing Party shall not preclude any receiving Party from later moving to compel production of the returned document(s) or information.

a.     The receiving Party shall have five (5) business days from receipt of notification of the inadvertent production to determine in good faith whether to contest such claim and to notify the producing Party in writing of an objection to the claim of privilege and the grounds for that objection.

b.     If an agreement is not reached, the receiving Party will then have five (5) business days from the receipt of the objection notice to submit the specified information to the Court under seal for a determination of the claim. Any Party may request expedited treatment of any request for the Court's determination of the claim.

c.     After notice is received of an inadvertent disclosure, the Parties agree that no copies will be made of the inadvertently disclosed materials.

The Parties agree that, upon their receipt of privileged material inadvertently disclosed, such material will not be copied by the receiving Party

for as long as the material remains inadvertently produced, or a challenge to a designation is pending.

Upon written notice of an inadvertent production by the producing Party or oral notice if notice must be delivered at a deposition, the receiving Party must promptly return or destroy the specified document and any hard copies the receiving Party has and may not use or disclose the information until the privilege claim has been resolved. To the extent that the producing Party insists on the return or destruction of electronic copies, rather than disabling the documents from further use or otherwise rendering them inaccessible to the receiving Party, the producing Party shall bear the costs of the return or destruction of such electronic copies.

To the extent that the information contained in a document subject to a claim has already been used in or described in other documents generated or maintained by the receiving Party, then the receiving Party will sequester such documents until the claim has been resolved. If the receiving Party disclosed the specified information before being notified of its inadvertent production, it must take reasonable steps to retrieve it. The producing Party shall preserve the specified information until the claim is resolved.

The Parties agree that any document or other disclosure that is privileged cannot be used against the producing Party unless the receiving Party has first complied with notice provisions of this Agreement. In the event that the receiving Party challenges a notification, then the Parties shall seek Court intervention to resolve the dispute.

Upon a determination by the Court that the specified information is protected by the applicable privilege, and if the specified information has been sequestered rather than returned or destroyed, the specified information shall be returned or destroyed.

16. **Patent Prosecution:** Any attorney, patent agent, or other person for the Parties involved in this Action who has had access to Confidential Matter of another Party in the prosecution or defense of the Action shall not be involved, directly or indirectly, in any of the following: advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent applications before any foreign or domestic agency, including the United States Patent and Trademark Office, where such patents or patent applications are related to the subject matter of this Action and information disclosed in the designated materials. With respect to any

reexamination or post-grant review of the patents-in-suit, this prohibition shall apply only to advising on, consulting on, or participating in the drafting or amending of claims. This prohibition shall begin when the accessed Confidential Matter is first received by the affected individual, and shall end one year after final resolution of this Action, including all appeals.

17. **Non-Parties to Litigation**: A person or entity which is not a Party to this Action may take advantage of the protection provided by this Order, and such entity shall be entitled to all rights and protections afforded the Parties under this Order, except to the extent that the non-party has separately sought and obtained a protective order in this matter, in which case, this Order will not apply in any way.

18. **Subpoena by Non-Party**: If any Party receives a subpoena or document request from a non-party to this Order seeking production or other disclosure of another Party's "Confidential Matter", the Party upon whom discovery is served shall give written notice to counsel for the Party whose material is sought within five (5) business days, identifying the "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE – RESTRICTED ACCESS ONLY" material sought and enclosing a copy of the subpoena or document request. Subject to the duty to comply with such subpoena or document request, no production or disclosure of "Confidential Matter" shall be

made until the producing Party has received a reasonable opportunity to consider or respond to the subpoena or document request.

19. **Declassification**: A Party (or an aggrieved person or entity permitted by the Court to intervene for such purpose) may file a motion seeking a Court order that a document or documents stamped as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE – RESTRICTED ACCESS ONLY" are not entitled to be treated as such. The person or entity that designated the document(s) as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE – RESTRICTED ACCESS ONLY" shall be given notice and an opportunity to respond.

20. **Return or Destruction of Confidential Matter**: Upon final termination of this action, including all appeals, each Party's attorney shall within thirty (30) days (or such other time as agreed upon by the Parties) either (a) return all materials produced by the Parties in this case, including documents designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" together with all copies, excerpts or summaries thereof, to the attorneys who produced the same, or (b) destroy all such material and provide to opposing counsel an affidavit to that effect. Each Party's attorney shall also within thirty (30) days (or such other time as agreed upon by the Parties) either (a) return all materials produced by the Parties

in this case, including documents designated "CONFIDENTIAL" or

"ATTORNEYS' EYES ONLY" together with all copies, excerpts or summaries

thereof, that were disseminated during the Action to any persons identifies in

paragraphs 7, 8 and 9, or (b) destroy all such material and provide to such persons

or their counsel an affidavit to that effect.

Each Party's attorney shall within thirty (30) days (or such other time as

agreed upon by the Parties) return all materials produced by the Parties in this case

designated "HIGHLY CONFIDENTIAL - SOURCE CODE – RESTRICTED

ACCESS ONLY," including any material disseminated during the Action to any

persons identifies in paragraphs 7, 8 and 9, to the attorneys who produced the

same.

However, each Party's attorneys may retain their work product and one copy

of all deposition transcripts, regardless of whether such work product or deposition

transcripts contain or reference "CONFIDENTIAL," "ATTORNEYS' EYES

ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE – RESTRICTED

ACCESS ONLY" material.

**21.** __No Admissions:__ Compliance with this Order in no way constitutes an

admission by any Party that any information designated pursuant to this Order is or

is not proprietary, confidential, or a trade secret.

**22.** **Reservation of Rights:** Nothing in this Agreement shall prevent any Party from disclosing its own "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE – RESTRICTED ACCESS ONLY" material or information to any person.

Nothing in this Order shall prejudice the right of any Party to oppose production of any information for lack of relevance, privilege, or any ground other than confidentiality.

**23.** **Additional or Less Protection:** This Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity require.

**24.** **Modification by Parties:** The Parties may amend or modify any provision of this Order by mutual agreement, which agreement shall be embodied in a written stipulation to be submitted for approval by the Court.

**25.** **Modification by Court:** The Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice.

This 13th day of August, 2014.

Respectfully submitted,

By: /s/ Steven G. Hill
Steven G. Hill
Georgia Bar No. 354658
John L. North
Georgia Bar No. 545580
Jennifer L. Calvert
Georgia Bar No. 587191
**HILL, KERTSCHER & WHARTON, LLP**
3350 Riverwood Parkway, Suite 800
Atlanta, Georgia 30339
Tel: (770) 953-0995
Fax: (770) 953-1358
E-mail: sgh@hkw-law.com
        jln@hkw-law.com
        jc@hkw-law.com

*Of Counsel:*

Ed Goldstein
**GOLDSTEIN LAW PLLC**
710 N. Post Oak, Suite 350
Houston, TX 77024
Tel: (713) 877-1515

***Attorneys for Plaintiff and Counterclaim Defendant***

By: /s/ Stephen E. Baskin
Stephen E. Baskin (*pro hac vice*)
DC Bar No. 456015
sbaskin@mayerbrown.com
Dara M. Kurlancheek (*pro hac vice*)
NY Bar No. 4701181
dkurlancheek@mayerbrown.com

Michael L. Lindinger (*pro hac vice*)
IL Bar No. 6293232
mlindinger@mayerbrown.com
**MAYER BROWN LLP**
1999 K Street, NW
Washington DC, 20006
Tel: (202) 263-3364
Fax: (202) 263-5365

Cliff A. Maier (pro hac vice)
CA Bar No. 248858
cmaier@mayerbrown.com
**MAYER BROWN LLP**
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Tel: (650) 331-2000
Fax: (650) 331-2060

Jeremy U. Littlefield
GA Bar No. 141539
jlittlefield@robbinsfirm.com
Rachel F. Gage
GA Bar No. 547982
rgage@robbinsfirm.com
**ROBBINS ROSS ALLOY BELINFANTE
LITTLEFIELD LLC**
999 Peachtree Street NE, Suite 1120
Atlanta, GA 30309-3996
Tel: (678) 701-9381
Fax: (404) 856-3250

***Attorneys for Defendants and
Counterclaim Plaintiffs***

**Entered this** <u>14</u> **day of** <u>August</u> **, 2014.**

William S. Duffey, Jr.
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CAPITAL SECURITY SYSTEMS, INC. | |
| Plaintiff, | CIVIL ACTION NO. 1:14-cv-1516-WSD |
| v. | JURY TRIAL DEMANDED |
| NCR CORPORATION, SUNTRUST BANKS, INC. AND ITS SUBSIDIARY, SUNTRUST BANK, | |
| Defendants, | |
| NCR CORPORATION, SUNTRUST BANKS, INC. AND ITS SUBSIDIARY, SUNTRUST BANK, | |
| Counter-Plaintiffs, | |
| v. | |
| CAPITAL SECURITY SYSTEMS, INC. | |
| Counter-Defendant. | |

## CERTIFICATE OF COMPLIANCE WITH
## STIPULATED PROTECTIVE ORDER

I, _____, declare that:

1. My present residential address is

_____

2. My present employer is _____ and the address of
my present employer is:

_____

3. My present occupation or job description is:

_____

4. I have received and carefully read the Protective Order in this Action and understand its provisions. I understand that Confidential Matter is being provided to me pursuant to the terms and restrictions of the Protective Order, and that I have been given a copy of and have read and understood my obligations under the Protective Order. I hereby agree to be bound by the terms of the Protective Order. I clearly understand that any Confidential Matter and my copies or notes relating thereto may only be disclosed to or discussed with those persons permitted by the Protective Order to receive such material.

5. At the termination of this action or at any time requested by counsel of record in this action, I will within thirty (30) days (or such other time as agreed upon by the Parties) (a) return all materials produced by the Parties in this case, including documents designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" together with all copies, excerpts or summaries thereof, to the attorneys who

produced the same, or (b) destroy all such material and provide to the Parties an affidavit to that effect.

6. At the termination of this action or at any time requested by counsel of record in this action, I will within thirty (30) days (or such other time as agreed upon by the Parties) return all materials produced by the Parties in this case, including documents designated "HIGHLY CONFIDENTIAL - SOURCE CODE – RESTRICTED ACCESS ONLY" together with all copies, excerpts or summaries thereof, to the attorneys who produced the same.

7. I understand that if I violate the provisions of this Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the producing Party.

8. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

_____        _____
Date                                                            Signature