## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CAPITAL SECURITY SYSTEMS, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. 1:14-CV-01516-WSD |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| NCR CORPORATION, SUNTRUST BANKS, INC. AND ITS SUBSIDIARY, SUNTRUST BANK, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## <u>DEFENDANTS NCR CORPORATION'S, SUNTRUST BANKS, INC.'S AND SUNTRUST BANK'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS</u>

Defendants and Counterclaim-Plaintiffs NCR Corporation ("NCR") and SunTrust Banks, Inc. and SunTrust Bank (hereafter, "SunTrust") (collectively "Defendants"), by and through its undersigned counsel, answer Plaintiff Capital Security System, Inc.'s ("Capsec") First Amended Complaint and counterclaims as follows:

## PARTIES

1.      Defendants admit that Capsec is an Illinois corporation, but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 1, and on that basis deny those allegations.

2.      NCR admits that it is a Maryland corporation and has a principal place of business in Deluth, Georgia, and may be served by service upon its registered agent at 1201 Peachtree Street NE, Atlanta, Georgia, 30361.

3.      SunTrust admits that it is a Georgia corporation and has a principal place of business in Atlanta, Georgia and that it has a retail banking business operated through its subsidiary, SunTrust Bank. SunTrust further admits that it may be served by service upon its registered agent at 303 Peachtree Street NE, Suite 3600, Atlanta, Georgia 30308.

4.      Defendants admit they conduct business in this judicial district and in other locations, but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 4, and on that basis deny those allegations.

## NATURE OF THE ACTION

5.     Defendants admit that Capsec's action purports to be for patent infringement of United States Patent Nos. 5,897,625 ("the '625 patent"), 7,653,600 ("the '600 patent"), 7,991,696 ("the '696 patent"), and 8,121,948 ("the '948 patent") arising under that patent laws of the United States, Title 35 of the United States Code, but otherwise deny the allegations of Paragraph 5.

## JURISDICTION AND VENUE

6.     Defendants admit that this Court has subject matter jurisdiction over the allegations as pled under 28 U.S.C. §§ 1331 and 1338 (a) because this action arises under the patents laws of the United States, including 35 U.S. C. § 271 et seq., but otherwise deny the allegations of Paragraph 6.

7.     Defendants admit that venue is proper in this District because they are subject to personal jurisdiction in this District, but deny the remaining allegations of Paragraph 7.

8.     Defendants admit that they are subject to personal jurisdiction in this District, but deny the remaining allegations of Paragraph 8.

## BACKGROUND OF USE AND SALE

9.      NCR admits that it operates in the financial services industry and provides financial product solutions including automated teller machines ("ATMs") to some of its customers. NCR admits that its solutions are designed for a wide variety of transactions, including financial transactions, and further admits that its solutions help NCR customers reduce cots, generate revenue, and enhance customer loyalty.

10.      NCR admits that some of its ATMs use NCR's Scalable Deposit Module ("SDM") technology and that this technology simplifies the deposit process. NCR further admits that the technology facilitates confirmation of currency notes. Upon information and belief, NCR has sold more that 10,000 ATM's that use the SDM technology, and denies the remaining allegations.

11.      Defendants deny the allegations in paragraph 11.

12.      Defendants admit that they have conducted business in this District and that SunTrust is a NCR customer to whom it has provided ATMs. On information and belief, Defendants admit that SunTrust has purchased several types of Multi-Function and Intelligent Deposit ATMs, and denies the remaining allegations in Paragraph 12.

## THE PATENTS-IN-SUIT

13.     Defendants admit that U.S. Patent No. 8,597,625 ("the '625 Patent"), attached to the Complaint as Exhibit A, is entitled "Automated Document Cashing System," and that the '625 Patent states on its face that it issued on April 27, 1999. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 13, and on that basis deny those allegations.

14.     Defendants admit that U.S. Patent No. 7,653,600 ("the '600 Patent"), attached to the Complaint as Exhibit B, is entitled "Automated Document Cashing System," and that the '600 Patent states on its face that it is issued on January 26, 2010.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 14, and on that basis deny those allegations.

15.     Defendants admit that U.S. Patent No. 7,991,696 ("the '696 Patent"), attached to the Complaint as Exhibit C, is entitled "Automated Document Cashing System," and that the '696 Patent states on its face that it issued on August 2, 2011. Defendants lack knowledge or information sufficient to form a belief about the

truth of the remaining allegations in Paragraph 15, and on that basis deny those allegations.

16.     Defendants admit that U.S. Patent No. 8,121,948 ("the '948 Patent"), attached to the Complaint as Exhibit D, is entitled "Automated Document Cashing System," and that the '948 Patent states on its face that it issued on February 21, 2012.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 16, and on that basis deny those allegations.

17.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17, and on that basis deny those allegations.

## COUNT I

(Infringement of '625 Patent)

18.     Paragraphs 1-17 are incorporated by reference as if fully restated herein.

19.     NCR denies the allegations of paragraph 19.

20.     SunTrust denies the allegations of paragraph 20.

21.     Defendants deny the allegations of paragraph 21.

22.     Defendants deny the allegations of paragraph 22.

## **COUNT II**

(Infringement of '600 Patent)

23.     Paragraphs 1-22 are incorporated by reference as if fully restated herein.

24.     NCR denies the allegations of paragraph 24.

25.     SunTrust denies the allegations of paragraph 25.

26.     Defendants deny the allegations of paragraph 26.

27.     Defendants deny the allegations of paragraph 27.

## **COUNT III**

(Infringement of '696 Patent)

28.     Paragraphs 1-27 are incorporated by reference as if fully restated herein.

29.     SunTrust denies the allegations of paragraph 29.

30.     SunTrust denies the allegations of paragraph 30.

31.     SunTrust denies the allegations of paragraph 31.

## COUNT IV

### (Infringement of '948 Patent)

32. Paragraphs 1-31 are incorporated by reference as if fully restated herein.

33. NCR denies the allegations of paragraph 33.

34. SunTrust denies the allegations of paragraph 34.

35. Defendants deny the allegations of paragraph 35.

36. Defendants deny the allegations of paragraph 36.

## COUNT V

### (Willful Infringement of the '600 and '625 Patents)

37. Paragraphs 1-36 are incorporated by reference as if fully restated herein.

38. NCR admits Capsec contacted NCR regarding the possible sale or license of the '625 and '600 Patents, and further admits to receiving a letter with exhibits from Capsec on or about January 5, 2011, but denies all remaining allegations in Paragraph 38.

39. NCR denies the allegations of paragraph 39.

40. NCR denies the allegations of paragraph 40.

41. NCR denies the allegations of paragraph 41.

## COUNT VI

### (Willful Infringement of the '600 and '625 Patents)

42.     Paragraphs 1-41 are incorporated by reference as if fully restated herein.

43.     SunTrust admits Capsec contacted SunTrust regarding the possible sale or license of the '625 and '600 Patents, and further admits to receiving a letter with exhibits from Capsec on or about January 27, 2011, but denies all remaining allegations in paragraph 43.

44.     SunTrust denies the allegations of paragraph 44.

45.     SunTrust denies the allegations of paragraph 45.

46.     SunTrust denies the allegations of paragraph 46.

47.     To the extent an allegation is not specifically admitted herein, it is denied.

## PRAYER FOR RELIEF

Defendants deny that Capsec is entitled to any of the requested relief from Capsec, and specifically deny each allegation and request for relief in Capsec's Prayer for Relief.

## DEFENDANTS' DEFENSES

48.     Subject to the responses above, Defendants allege and assert the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the affirmative defenses described below, subject to the responses above, Defendants reserve the right to supplement its defenses as the result of any information that it confirms or learns during the course of discovery in this matter.

## FIRST DEFENSE

49.     The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

50.     Defendants have not infringed and are not infringing any valid claim of the '625, '600, '696, or '948 Patents directly, contributorily, by way of inducement, literally or under the doctrine of equivalents.

## THIRD DEFENSE

51.     On information and belief, the claims of the '625, '600, '696, or '948 Patents that are allegedly infringed by Defendants are invalid for failure to comply with one or more of the conditions for patentability set forth in Part II of Title 35 of

the United States Code, including, without limitation, Sections 101, 102, 103 and/or 112.

## FOURTH DEFENSE

52.     On information and belief, Plaintiff is barred in whole or in part from asserting at least the '625, '600, '696, or '948 Patents against Defendants under the doctrine of laches, equitable estoppels, or both.

## FIFTH DEFENSE

53.          Plaintiff's claims for damages, if any, against Defendants are statutorily limited by 35 U.S. C. § 286 and § 287.

## SIXTH DEFENSE

54.          Plaintiff's claims against Defendants are barred under Defendants' express or implied license to any valid claim of the '625, '600, '696, or '948 Patents and/or under the doctrines of patent exhaustion and first sale, to the extent that Plaintiff seeks royalties or damages for any activity that is, or will be, licensed to persons or companies that supply accused services, devices or their infrastructure to Defendants.

## SEVENTH DEFENSE

50.  The claims of the '625, '600, '696, or '948 Patents are unenforceable due to Plaintiff's inequitable conduct, as alleged in Paragraphs 88-111 of Defendants' Counterclaims.

## EIGHTH DEFENSE

51.  Plaintiff is estopped by virtue of prior art and/or due to conduct and representations during the prosecution of the '625, '600, '696, or '948 Patents from asserting infringement against Defendants.

## NINTH DEFENSE

52.  To the extent that Capsec, its alleged predecessors in interest to the Patents-in-Suit, and their respective licensees, failed to properly mark any of the relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Defendants' actions allegedly infringed the Patents-in-Suit, Defendants are not liable to Capsec for the acts alleged to have been performed before they received actual notice that they were allegedly infringing the Patents-in-Suit.

## TENTH DEFENSE

53.  Plaintiff is estopped from asserting a construction of any claim of the '625, '600, '696, or '948 Patents in any manner inconsistent with prior positions taken before the United States Patent and Trademark Office or any court.

## ELEVENTH DEFENSE

54.  Plaintiff is estopped by reasons of prosecution history estoppel from asserting infringement of the '625, '600, '696, or '948 Patents by application of the doctrine of equivalents.

## TWELFTH DEFENSE

55.  The '625, '600, '696, or '948 Patents are unenforceable because Plaintiff has unclean hands and/or has misused the Patents-in-Suit by attempting to enforce them despite knowing that they are invalid, unenforceable, and/or not infringed by methods or systems manufactured, used, imported, sold or offered for sale by Defendants.

## COUNTERCLAIMS

56.  Counterclaimants NCR  Corporation ("NCR"), SunTrust Banks,  Inc. and SunTrust Bank (together "SunTrust") (collectively "Counterclaim Plaintiffs")

allege its Counterclaims for Declaratory Relief against Capital Security Systems, Inc.'s ("Capsec").

## PARTIES

57. NCR is a corporation organized and existing under the laws of Maryland with its principal place of business in Duluth, Georgia.

58. SunTrust is a corporation organized and existing under the laws of Georgia with its principal place of business in Atlanta, Georgia.

59. On information and belief, Capsec is an Illinois corporation having its principal place of business in San Diego, California.

## JURISDICTION AND VENUE

60. Counterclaim Plaintiffs' counterclaims arise under Title 35 of the United States Code. The Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

61. Personal jurisdiction in this judicial District is proper at least because Capsec availed itself of this Court to litigate its patent infringement claims against Counterclaim Plaintiffs.

62. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c).

63.     An actual, justiciable controversy exists between Counterclaim Plaintiffs and Capsec concerning the infringement, validity and enforceability of U.S. Patent Nos. 5,897,625 ("the '625 patent"), 7,653,600 ("the '600 patent"), 7,991,696 ("the '696 patent"), and 8,121,948 ("the '948 patent") (collectively the "Patents-in-Suit").    Capsec, by its Complaint, has asserted that Counterclaim Plaintiffs, have infringed and are infringing one or more of the Patents-in-Suit. Counterclaim Plaintiffs assert that they have not infringed and are not infringing the Patents-in-Suit and that the Patents-in-Suit are invalid and/or unenforceable. Absent a declaration of non-infringement, invalidity, and/or unenforceability, Counterclaim Defendant Capsec will continue to wrongfully assert the Patents-in-Suit against Counterclaim Plaintiffs, and thereby cause it irreparable injury and damage.

## **COUNTERCLAIM I**

(Declaration of Noninfringement of U.S. Patent No. 5,897,625)

64.  Counterclaim Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 56-63 of its Counterclaims as though fully set forth herein.

65.  Counterclaim Plaintiffs have not infringed and are not infringing any valid claim of the '625 Patent directly, contributorily, by way of inducement,

literally or under the doctrine of equivalents.

66. Counterclaim Plaintiffs are entitled to judgment that the claims of the '625 Patent are not infringed by Counterclaim Plaintiffs.

## COUNTERCLAIM II

(Declaration of Invalidity of U.S. Patent No. 5,897,625)

67. Counterclaim Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 56-66 of its Counterclaims as though fully set forth herein.

68. The claims of the '625 Patent that are allegedly infringed by Counterclaim Plaintiffs are invalid for failure to comply with one or more of the conditions for patentability set forth in Part II of Title 35 of the United States Code, including without limitation, Sections 101, 102, 103, and/or 112.

69. Counterclaim Plaintiffs are entitled to judgment that the claims of the '625 Patent are invalid.

## COUNTERCLAIM III

(Declaration of Noninfringement of U.S. Patent No. 7,653,600)

70. Counterclaim Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 56-69 of its Counterclaims as though fully

set forth herein.

71.  Counterclaim Plaintiffs have not infringed and are not infringing any valid claim of the '600 Patent directly, contributorily, by way of inducement, literally or under the doctrine of equivalents.

72.  Counterclaim Plaintiffs are entitled to judgment that the claims of the '600 Patent are not infringed by Counterclaim Plaintiffs.

## COUNTERCLAIM IV
(Declaration of Invalidity of U.S. Patent No. 7,653,600)

73.  Counterclaim Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 56-72 of its Counterclaims as though fully set forth herein.

74.  The claims of the '600 Patent that are allegedly infringed by Counterclaim Plaintiffs are invalid for failure to comply with one or more of the conditions for patentability set forth in Part II of Title 35 of the United States Code, including without limitation, Sections 101, 102, 103, and/or 112.

75.  Counterclaim Plaintiffs are entitled to judgment that the claims of the '600 Patent are invalid.

## COUNTERCLAIM V

(Declaration of Noninfringement of U.S. Patent No. 7,991,696)

76.  Counterclaim Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 56-75 of its Counterclaims as though fully set forth herein.

77.  Counterclaim Plaintiffs have not infringed and are not infringing any valid claim of the '696 Patent directly, contributorily, by way of inducement, literally or under the doctrine of equivalents.

78.  Counterclaim Plaintiffs are entitled to judgment that the claims of the '696 Patent are not infringed by Counterclaim Plaintiffs.

## COUNTERCLAIM VI

(Declaration of Invalidity of U.S. Patent No. 7,991,696)

79.  Counterclaim Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 56-78 of its Counterclaims as though fully set forth herein.

80.  The claims of the '696 Patent that are allegedly infringed   by Counterclaim Plaintiffs are invalid for failure to comply with one or more of the conditions for patentability set forth in Part II of Title 35 of the United States Code, including without limitation, Sections 101, 102, 103, and/or 112.

81.   Counterclaim Plaintiffs are entitled to judgment that the claims of the '696 Patent are invalid.

## COUNTERCLAIM VII
(Declaration of Noninfringement of U.S. Patent No. 8,121,948)

82.   Counterclaimant Plaintiffs reallege and incorporates by reference each and every allegation contained in paragraphs 56-81 of its Counterclaims as though fully set forth herein.

83.   Counterclaimant Plaintiffs  has not infringed and is not infringing any valid claim of the '948 Patent directly, contributorily, by way of inducement, literally or under the doctrine of equivalents.

84.   Counterclaimant Plaintiffs are entitled to judgment that the claims of the '948 Patent are not infringed.

## COUNTERCLAIM VIII
(Declaration of Invalidity of U.S. Patent No. 8,121,948)

85.   Counterclaimant Plaintiffs reallege and incorporates by reference each and every allegation contained in paragraphs 56-84 of its Counterclaims as though fully set forth herein.

86.   The claims of the '948 Patent that are allegedly infringed by

Counterclaimant Plaintiffs are invalid for failure to comply with one or more of the conditions for patentability set forth in Part II of Title 35 of the United States Code, including without limitation, Sections 101, 102, 103, and/or 112.

87. Counterclaimant Plaintiffs are entitled to judgment that the claims of the '948 Patent are invalid.

## COUNTERCLAIM IX

(Declaration of Unenforceability of the '625, '600, '696, and '948 Patents Due to Inequitable Conduct)

88. Counterclaim Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 56-87 of its Counterclaims as though fully set forth herein.

89. The '625 Patent lists Robin H. Gustin, Troy W. Livingston and Namsoo Park as purported inventors, and the '600 Patent additionally lists Nabil Shekoory as a purported inventor (the "purported inventors").

90. The purported inventors and their attorneys, agents, and/or others owed a duty of candor to the United States Patent & Trademark Office ("USPTO") in connection with prosecution of the applications which matured into the '625 Patent and the '600 Patent.

91. In connection with the filing and prosecution of U.S. Patent Application 08/866,139, which matured into the '625 Patent, purported inventors Gustin, Livingston and Park represented and declared under penalty of perjury to the USPTO that the Mitek QuickStrokes Version 2.5 software was an existing commercially available software product at the time of filing the Application, and that this software was capable of:

a) determining cursive characters included in the legal amount line on the check,

b) determining characters in a cursive signature written on the check, and

c) verifying that the cursive signature on the check is a valid signature of a particular individual.

Upon information and belief, the Mitek QuickStrokes Version 2.5 software had none of these capabilities at the time of filing the Application.

92. The '625 Patent specifically sought (and was issued by the USPTO) with claims that require "evaluating a cursive signature on the document" and "confirming the signature is acceptable" (claim 1) and "reading the document for the amount and for a valid signature" (claim 15).

93. The '600 Patent claims the benefit of the filing date of the '625 Patent pursuant to 35 U.S.C. § 120. In connection with the filing and prosecution of U.S. Patent Application 10/889,453, which matured into the '600 Patent, the purported inventors Gustin, Livingston, Park and Shekoory again falsely represented and declared under penalty of perjury that the Mitek QuickStrokes software had the capabilities described in Paragraph 91 hereof.

94. On June 11, 2008, during prosecution of the '600 Patent, the Examiner issued an office action, *inter alia*, rejecting claims 32-37 as anticipated and/or obvious over U.S. Patent No. 6,149,056 to Stinson et al. ("Stinson").

95. On September 11, 2008, the purported inventors through their counsel responded to the Examiner's rejection by amending the claims and asserting that the claims were patentable over Stinson. At no point in their response did the purported inventors or their counsel argue that the claimed invention was conceived before the effective filing date of Stinson or that Stinson was not prior art to the claimed invention.

96. On December 26, 2008, the Examiner issued another office action, rejecting applicant's arguments and again rejecting claims 32-37 as anticipated and/or obvious in view of Stinson.

97.  On June 25, 2009, Gustin and Livingston filed with the USPTO a sworn Declaration under 37 C.F.R. § 1.131 (the "Declaration").

98.  In the Declaration, Gustin and Livingston swore their statements were true, and specifically acknowledged that willful false statements jeopardize the validity of the application or any patent issued thereon.

99.  Gustin and Livingston made knowingly false statements in the Declaration to mislead the USPTO and "swear behind" the Stinson patent, which has an earlier effective filing date than the '625 Patent.

100.  In the Declaration, Gustin and Livingston referred to pages of notes that mentioned Mitek Software and stated that "Mitek Software, Inc. signature verification software [is used] to verify the signature in order to validate a document as described in Amended Claim 32." (Declaration, Page 4, Section 8.f.)

101.  In the Declaration, Gustin and Livingston stated that the Mitek QuickStrokes software referred to in the '625 Patent is installed and integrated "to perform Optical Character Recognition (OCR) and Intelligent Character Recognition (ICR) for recognizing the Courtesy Amount Recognition (CAR) and Legal Amount Recognition (LAR)." (Declaration, Page 5, Section 9.f.)

102. Upon information and belief, at the time of presenting the Declaration, Gustin and Livingston were aware that the Mitek QuickStrokes software as referred to at the time of the notebook pages, and at the time of filing the '625

Patent, was incapable of performing cursive script recognition for determining cursive written legal amounts or cursive written signatures, or of validating written signatures.

103. The false representations regarding the capabilities of the Mitek QuickStrokes software were material to the patentability of the '625 Patent.

104. The false representations regarding the Mitek QuickStrokes software and the alleged conception of the claimed invention before the effective filing date of the Stinson patent were material to the patentability of the '600 patent.

105. Upon information and belief, the purported inventors and/or their counsel had knowledge that the representations made during prosecution of the '625 Patent and the '600 Patent were false.

106. The '696 Patent claims the benefit of the filing date of the '625 Patent pursuant to 35 U.S.C. § 120. In connection with the filing and prosecution of U.S. Patent Application 12/687,116, which matured into the '696 Patent, the purported inventors Gustin, Livingston, Park and Shekoory again falsely represented and

declared under penalty of perjury that the Mitek QuickStrokes software had the capabilities described in Paragraph 91 hereof.

107. The '948 Patent claims the benefit of the filing date of the '625 Patent pursuant to 35 U.S.C. § 120. In connection with the filing and prosecution of U.S. Patent Application 12/651,425, which matured into the '948 Patent, the purported inventors Gustin, Livingston, Park and Shekoory again falsely represented and declared under penalty of perjury that the Mitek QuickStrokes software had the capabilities described in Paragraph 91 hereof.

108. Upon information and belief, the purported inventors' misrepresentations regarding the ability of the Mitek QuickStrokes software to determine characters in cursive script and/or to determine the validity of cursive signatures were made with the intent to deceive the USPTO, and such misrepresentations were made on behalf of and with the knowledge and endorsement of Capsec.

109. Capsec, through the purported inventors and their attorneys, made material false statements in the submission and prosecution of the '625 and '600 Patents with the intent to deceive the USPTO, thereby rendering the '625 and '600 Patents unenforceable due to inequitable conduct.

110. The '696 and '948 Patents, which claim the benefit of the '625 and '600 Patents, are likewise infected with Capsec's material false statements and representations made during the prosecution of the '625 and '600 Patents. 111. Counterclaim Plaintiffs are entitled to a Declaration from the Court that the '625 Patent and any subsequent related applications, including the asserted '600, '696, and '948 Patents are unenforceable because Capsec committed inequitable conduct during prosecution of the '625 Patent.

## <u>DEMAND FOR RELIEF</u>

WHEREFORE, Counterclaim Plaintiffs demand:

A. That the Court enter judgment in favor of Counterclaim Plaintiffs and against Capsec on of the claims in Capsec's Complaint;

B. That Capsec's claims be dismissed in their entirety, with prejudice; C. That Capsec takes nothing by way of its claims;

D. That the Court enter judgment in favor of Counterclaim Plaintiffs on each of their Counterclaims against Capsec;

E. That Counterclaim Plaintiffs be found not to have infringed the '625 patent;

F.    That the '625 patent be declared to be invalid and unenforceable against Counterclaim Plaintiffs;

G.    That Counterclaim Plaintiffs be found not to have infringed the '600 patent;

H.    That the '600 patent be declared to be invalid and unenforceable;

I.    That Counterclaim Plaintiffs be found not to have infringed the '696 patent;

J.    That the '696 patent be declared to be invalid and unenforceable;

K.    That Counterclaimant SunTrust be found not to have infringed the '948 patent;

L.    That the '948 patent be declared to be invalid and unenforceable;

M.    That this case be declared an exceptional case;

N.    That Counterclaim Plaintiffs be awarded their costs and attorneys' fees pursuant to 35 U.S.C. 285; and

O.   That Counterclaim Plaintiffs be awarded such other relief as this Court deems proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Counterclaim Plaintiffs hereby demand a trial by jury on all issues so triable.

This 18th day of August, 2014.

> */s/Stephen E. Baskin*
> Stephen E. Baskin (admitted pro hac vice)
> DC Bar No. 456015/VA Bar No. 47567
> Dara M. Kurlancheeck (admitted pro hac vice)
> NY Bar No. 4701181
> Michael L. Lindinger (admitted pro hac vice)
> IL Bar No. 6293232
> Marcia K. McCarthy (admitted pro hac vice)
> VA Bar No. 39801/DC Bar No. 453785
> MAYER BROWN LLP
> 1999 K Street, NW
> Washington DC, 20006
> Telephone: (202) 263-3364
> Facsimile: (202) 263-5365
> sbaskin@mayerbrown.com
> dkurlancheeck@mayerbrown.com
> mlindinger@mayerbrown.com
> mmccarthy@mayerbrown.com
>
> Cliff A. Maier (admitted pro hac vice)
> CA Bar No. 248858
> MAYER BROWN LLP
> Two Palo Alto Square, Suite 300
> 3000 El Camino Real
> Palo Alto, CA 94306-2112

Telephone:  (650) 331-2000
Facsimile:  (650) 331-2060
cmaier@mayerbrown.com

Jeremy U. Littlefield
GA Bar No. 141539
Rachel F. Gage
GA Bar No. 547982
ROBBINS ROSS ALLOY BELINFANTE
    LITTLEFIELD LLC
999 Peachtree Street NE, Suite 1120
Atlanta, Georgia 30309-3996
Telephone:  (678) 701-9381
Facsimile:  (404) 856-3250
jlittlefield@robbinsfirm.com
rgage@robbinsfirm.com

*Attorneys for Defendants/Counterclaim-Plaintiffs
NCR Corporation, SunTrust Banks, Inc., and
SunTrust Bank*

# CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing (NEF) to the following:

Steven G. Hill, Esq.
John L. North, Esq.
Jennifer L. Calvert, Esq.
Hill Kertscher & Wharton LLP
3350 Riverwood Pkwy, Suite 800
Atlanta, GA 30339
sgh@hkw-law.com
jln@hkw-law.com
jc@hkw-law.com

*Counsel for Plaintiff*
*Capital Security Systems, Inc.*


/s/ Stephen E. Baskin
Stephen E. Baskin (admitted pro hac vice)
VA Bar No. 47567/DC Bar No. 456015
MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC 20006-1101
Phone: (202) 263-3000
Fax: (202) 263-3300
sbaskin@mayerbrown.com

*Counsel for Defendants/Counterclaim-*
*Plaintiffs NCR Corporation, SunTrust*
*Banks, Inc. and SunTrust Bank*