# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **CAPITAL SECURITY SYSTEMS, INC.,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**NCR CORPORATION, SUNTRUST BANKS INC., and SUNTRUST BANK,**<br><br>        **Defendants.** | **1:14-cv-1516-WSD** |
| **CAPITAL SECURITY SYSTEMS INC.,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**CAPITAL ONE, N.A.,**<br><br>        **Defendant.** | **1:14-cv-3370-WSD** |
| **CAPITAL SECURITY SYSTEMS INC.,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**ABNB FEDERAL CREDIT UNION,**<br><br>        **Defendant.** | **1:14-cv-3371-WSD** |

**OPINION AND ORDER**

This matter is before the Court on Defendants SunTrust Banks Inc.'s and SunTrust Bank's ("the SunTrust Defendants") Motion to Sever, or, in the alternative, Stay [47] the claims against them in Capital Security Systems Inc. v. NCR Corporation, et al., 14-cv-1516-WSD ("Capital Security v. NCR"), Defendant Capital One, N.A.'s ("Capital One") Motion to Stay [42] the action in Capital Security Systems Inc. v. Capital One, N.A., 14-cv-3370-WSD ("Capital Security v. Capital One") and Defendant ABNB Federal Credit Union's ("ABNB") Motion to Stay [50] the action in Capital Security Systems, Inc. v. ABNB Federal Credit Union, 14-cv-3371-WSD ("Capital Security v. ABNB").

**I.    BACKGROUND**

    **A.    Capital Security v. NCR**

On May 19, 2014, Plaintiff Capital Security Systems Inc. ("Plaintiff") filed a patent infringement action, in this Court, against NCR Corporation ("NCR") and its customers, the SunTrust Defendants. Defendant NCR is a computer hardware, software and electronics company, based in Duluth, Georgia, that provides businesses with point-of-sale terminals, automated teller machines ("ATM"), check processing systems and barcode scanners. NCR produces ATMs that incorporate Scalable Deposit Module ("SDM") technology, which allows

2

customers of a bank to deposit cash into their accounts without an envelope. In July 2012, the SunTrust Defendants entered into an exclusive contract to purchase more than twelve hundred (1200) ATMs from NCR. Plaintiff, a company based in San Diego, California, alleges that it owns Patents Nos. 5,897,625 ("the ′625 Patent"), 7,653,600 ("the ′600 Patent"), 7,991,696 ("the ′696 Patent"), and 8,121,948 ("the ′948 Patent"). These four Patents purport to claim a method or apparatus for depositing checks into an ATM machine without the need of an envelope.

Plaintiff alleges that NCR infringed the ′600, ′625 and ′948 Patents by manufacturing ATMs that incorporated SDM technology, and that the SunTrust Defendants infringed the Patents by providing their customers with ATMs supplied by NCR. Plaintiff contends that the ′696 Patent is infringed directly by the SunTrust Defendants but not NCR.[1]

On November 12, 2014, the SunTrust Defendants invoked the customer suit exception in moving to sever or, in the alternative, stay Plaintiff's patent infringement claims against them. The SunTrust Defendants argue that the case against NCR should proceed first because it is the party that manufactured and sold

---

[1] On August 18, 2014, NCR asserted counterclaims of patent invalidity and non-infringement, including that Plaintiff's claims related to the ′696 Patent are invalid.

the ATMs, and the SunTrust Defendants were post-manufacture purchasers of the ATMs from NCR.

On December 1, 2014, Plaintiff responded to the SunTrust Defendants' Motion to Sever or Stay Plaintiff's claims.  Plaintiff does not oppose staying the claims against the SunTrust Defendants, and argues that NCR's counterclaim based on the '696 Patent against Plaintiff should also be stayed.

B.      Capital Security v. Capital One and Capital Security v. ABNB

On March 21, 2014, and April 23, 2014, Plaintiff filed patent infringement actions against ABNB and Capital One respectively, in the United States District Court for the Eastern District of Virginia ("District Court for the EDVA").  ABNB and Capital One are financial institutions that, like the SunTrust Defendants, purchased ATMs from NCR.

On October 20, 2014, the District Court for the EDVA found that the customer suit exception applied, and transferred the customer suits in Capital Security v. Capital One and Capital Security v. ABNB to this Court.  The District Court for the EDVA concluded that the issues in Capital Security v. NCR predominate over the issues in the customer suits against Capital One and ABNB because NCR, as the manufacturer of the ATMs, is the true defendant.  The District Court for the EDVA concluded that the claims against NCR must proceed

first before any claims against Capital One and ABNB can be addressed and resolved.

On November 6, 2014, ABNB and Capital One moved to stay Plaintiff's customer suits now pending in this Court on the ground that the case against NCR should proceed first because it manufactured and sold the ATMs, and ABNB and Capital One are merely customers that purchased the ATMs from NCR. Plaintiff does not oppose staying its claims against ABNB and Capital One.

## II.    DISCUSSION

The Court has the inherent power to manage its docket and stay proceedings, and the decision whether to stay a case rests "within the sound discretion of the [C]ourt." See Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). In determining whether to stay a patent infringement action, courts typically weigh the following factors: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues, and (3) whether discovery is complete and a trial date has been set. See Robior Marketing Group v. GPS Indus. Inc., 633 F. Supp. 2d 1341, 1347 (S.D. Fla. 2008); Baxa Corp. v. ForHealth Tech., Inc., No. 6:06-cv-0353-Orl-19JGG, 2006 WL 4756455, at *1 (M.D. Fla. May 5, 2006).

In patent cases, there is a "customer suit" exception that gives priority to actions against a manufacturer over patent actions against customers of the manufacturer. This exception "exists to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute." In re Nintendo of America, Inc., 756 F.3d 1363, 1365 (Fed. Cir. 2014); see also Katz v. Lear Siegler, Inc., 909 F.2d 1459, 1464 (Fed. Cir. 1990) (citation omitted) ("[L]itigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer."); Spread Spectrum Screening LLC v. Eastman Kodak Co., 657 F.3d 1349, 1357 (Fed. Cir. 2011).

In Nintendo, the Federal Circuit applied the "customer suit exception" to actions against the distributors of Nintendo, and held that "since Nintendo's liability is predicate to recovery from any of the defendants, the case against Nintendo must proceed first . . . we conclude that the district court should have exercised its discretion to grant the [stay]." 756 F.3d at 1366. The customer-suit exception applies here because ABNB, Capital One and the SunTrust Defendants are merely purchasers of ATMs manufactured by NCR that use the technology for which Plaintiff claims it holds the Patents. Recovery from

6

the customers is dependent upon a resolution of the infringement and validity of the Patents, which is a focus of the litigation between Plaintiff and NCR.

The Court concludes that Plaintiff's actions against ABNB and Capital One, and claims against the SunTrust Defendants, are required to be stayed pending the resolution of the dispute between Plaintiff and NCR.[2] Staying these actions to allow a resolution of Plaintiff's infringement claims against NCR avoids potentially inconsistent results and otherwise promotes litigation efficiency.[3]

## III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants SunTrust Banks Inc.'s and SunTrust Bank's Motion to Sever, or, in the alternative, Stay [47] the claims

---

[2] Plaintiff's request to stay NCR's counterclaim regarding the ′696 Patent is not properly raised. It is inappropriate to include a request for affirmative relief against a defendant in a response to a motion filed by another defendant. See Rosenberg v. Gould, 554 F.3d 962, 967 (11th Cir. 2009). Plaintiff's request to stay NCR's counterclaim is not considered because it is not a proper motion.

[3] In its Response to the customer Defendants' Motions to Stay, Plaintiff seeks clarification that the stay will not prevent it from seeking third-party discovery from NCR's customers, including the SunTrust Defendants, ABNB and Capital One, to the extent the discovery is relevant to prosecuting its claims against NCR. ABNB, Capital One and the SunTrust Defendants do not dispute that they are required to comply with third party discovery requests pursuant to Rule 45 of the Federal Rules of Civil Procedure. The stay does not limit Plaintiff from seeking discovery from third parties, including the customer Defendants.

against them in Capital Security v. NCR, 14-cv-1516-WSD, Defendant Capital

One's Motion to Stay [42] the action in Capital Security v. Capital One,

14-cv-3370-WSD, and Defendant ABNB's Motion to Stay [50] the action in

Capital Security v. ABNB, 14-cv-3371-WSD, are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against SunTrust

Banks Inc. and SunTrust Bank in Capital Security v. NCR, 14-cv-1516-WSD are

**STAYED** until further order of the Court.[4]

**IT IS FURTHER ORDERED** that the actions in Capital Security v. Capital

One, 14-cv-3370-WSD, and Capital Security v. ABNB, 14-cv-3371-WSD, are

**STAYED** until further order of the Court.

**SO ORDERED** this 18th day of June, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[4] The Stay does not apply to Plaintiff's claims against NCR.