# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CAPITAL SECURITY SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NCR CORPORATION, SUNTRUST BANKS INC., and SUNTRUST BANK, <br><br> Defendants. | 1:14-cv-1516-WSD |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Capital Security Systems, Inc.'s ("Plaintiff") Motion to Hear the Truth Under Making False Statements [223] (the "Motion"). The Motion was filed by Robin Gustin, President of Capital Security Systems, Inc.

On May 17, 2018, the Court granted Plaintiff's counsels' requests to withdraw from further representation of Plaintiff. ([215]). On May 21, 2018, Plaintiff requested a thirty (30) day extension of time to find new counsel. (Motion for Extension of Time [217]). On May 31, 2018, considering the consequences if Plaintiff fails to secure counsel, the Court granted Plaintiff's Motion for Extension

of Time—directing Plaintiff to secure new counsel on, or before, June 20, 2018.
(May 31, 2018, Order [222]).  The Court's May 31, 2018, Order, noted:

> The Motion is improper because Ms. Gustin may not represent a corporation *pro se*.  Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985).  Considering the circumstances, however, the Court nonetheless finds it appropriate to address the Motion.  The Court cautions Ms. Gustin that any additional motions must be filed by counsel. The Court notes further that at least one other court in this District has held that a president of a corporation, proceeding *pro se*, may not enter into a consent judgment on behalf of the corporation.  Glock, Inc. v. Maxsell Corp., 2013 WL 12107793, at *6 (N.D. Ga. Apr. 18, 2013) (holding the Eleventh Circuit's "strong language in Palazzo" compelled it to conclude defendant could not "validly sign the [c]onsent [j]udgment in a *pro se* capacity on behalf of [the] [d]efendant").

([222] at 2 n.2).

On June 5, 2018, Ms. Gustin, proceeding *pro se*, filed the Motion.  It appears Ms. Gustin seeks the recall of the Eleventh Circuit mandate in this case on the grounds that Defendant NCR's experts allegedly provided false testimony.  ([223] at 2).  The Court, however, is unable to consider the merits of the Motion because Ms. Gustin may not, in her *pro se* capacity, represent Plaintiff.  See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985).  The Court admonishes Ms. Gustin that any further action in her *pro se* capacity may result in dismissal of this case for failure to comply with a lawful court order.  L.R. 41.3(A)(2), NDGa. ("The court may, with or without notice to the parties, dismiss a civil case for want

2

of prosecution if: . . . [a] plaintiff . . . shall, after notice . . . fail or refuse to obey a lawful order of the court in the case.").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Capital Security Systems, Inc.'s ("Plaintiff") Motion to Hear the Truth Under Making False Statements [223] (the "Motion") is **DENIED**.

**IT IS FURTHER ORDERED** that any further filings submitted by Ms. Gustin in her *pro se* capacity may subject Plaintiff to sanctions for failing to comply with a Court order and any other appropriate response to Plaintiff's failure to retain counsel.

**SO ORDERED** this 12th day of June, 2018.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE